**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-736-07 PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Eduardo Bejar-Chavez (7), | ) | |
| Defendant. | ) | |

Defendant Eduardo Bejar-Chavez has filed a document titled "Defendant's Post Conviction Motion Pro Se Under Apprendi's Law to Dismiss." Doc. 365. The motion argues that the charges against Defendant should be dismissed in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Court will deny the motion.

Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Doc. 280. The plea agreement stipulated "that the quantity of cocaine the defendant conspired to possess with the intent to distribute was at least 50 kilograms but less than 150 kilograms." *Id.* at 2. In the factual basis of the plea agreement, Defendant admitted that he was "responsible for sending over 130 kilograms of cocaine to Phoenix, Arizona." *Id.* at 7. Because Defendant qualified for safety valve treatment, he did not receive the statutory mandatory minimum sentence of 120 months. Doc. 326 at 11. Instead, after receiving a

1    three-level downward adjustment for acceptance of responsibility, and based on the amount
2    of cocaine admitted in the plea agreement, Defendant was sentenced to 108 months, the low
3    end of the advisory guideline range. *Id.* at 11-12. Defendant's appeal of his sentence and
4    conviction was dismissed by the Ninth Circuit. Doc. 347.

Defendant's motion for post conviction relief will be denied for two reasons. First, Defendant expressly waived his right to collaterally attack the sentence if it was consistent with the plea agreement. Doc. 280 at 3-4. The sentence was consistent with the plea agreement. Second, *Apprendi*'s right to have a jury determine facts that increase a defendant's sentence does not apply to facts admitted by the defendant. *See Apprendi*, 530 U.S. at 488 ("Because Almendarez-Torres had *admitted* the three earlier convictions for aggravated felonies – all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own – no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court." (emphasis in original)). Defendant admitted in this case that he was responsible for shipping more than 130 kilograms of cocaine into Phoenix. The Court relied on that admission, not upon its own findings of fact, in arriving at Defendant's sentence. As a result, no violation of *Apprendi* occurred.

**IT IS ORDERED** that Defendant's Post Conviction Motion to Dismiss (Doc. 365) is **denied**.

DATED this 22nd day of July, 2011.

_____
David G. Campbell
United States District Judge